# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**TERRY SMITH,**
**Claimant Below, Petitioner**

**FILED**

February 23, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs.)    **No. 17-0892** (BOR Appeal No. 2052096)
(Claim No. 2015021461)

**TOYOTA MOTOR MANUFACTURING WV, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Terry Smith, by William B. Gerwig III, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Toyota Motor Manufacturing WV, Inc., by Alyssa A. Sloan, its attorney, filed a timely response.

The issue on appeal is the amount of permanent partial disability Mr. Smith is entitled to for his compensable carpal tunnel syndrome. The claims administrator granted a 6% permanent partial disability award on May 10, 2016. The Office of Judges affirmed the decision in its July 18, 2017, Order. The Order was affirmed by the Board of Review on September 29, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Smith, a production team member, developed carpal tunnel syndrome in the course of his employment. Marsha Bailey, M.D., performed an independent medical evaluation on April 25, 2016, in which she noted that Mr. Smith presented with pain and weakness in both wrists and elbows. An EMG/NCS performed on March 17, 2015, showed mild right carpal tunnel syndrome and moderate left carpal tunnel syndrome. Dr. Bailey noted that Mr. Smith underwent lap band surgery in 2008 and was diagnosed with type II diabetes at that time. Dr. Bailey found that he had reached maximum medical improvement. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), she assessed 12% impairment,

1

representing 6% for each hand. However, Dr. Bailey found occupational and nonoccupational risk factors for carpal tunnel syndrome, including obesity and diabetes. She therefore apportioned 50% of the impairment to nonoccupational factors. Her total assessment was 6% impairment.

The claims administrator granted Mr. Smith a 6% permanent partial disability award on May 10, 2016. The Office of Judges affirmed the decision in its July 18, 2017, Order. It found that the only evaluator of record to render an opinion on impairment was Dr. Bailey. She found 12% whole person impairment and then apportioned half to nonoccupational risk factors for carpal tunnel syndrome. The Office of Judges found that per *Davies v. West Virginia Office of Ins. Comm'r,* 227 W.Va. 330, 708 S.E.2d 524 (2011), West Virginia Code of State Rules § 85-20-64.5 (2006), which caps whole person impairment at 6% for each hand for carpal tunnel syndrome, applies in this case because Dr. Bailey's ratings were based upon Table 16 of the American Medical Association's *Guides.* Further, in *Rutherford v. SWVA, Inc.,* No. 13-0291, (W.Va. Jun. 27, 2014) (memorandum decision) it was determined that apportionment for carpal tunnel syndrome is properly completed after utilization of Rule 20. The Office of Judges found that Dr. Bailey's report complied with these requirements. The Office of Judges determined that both West Virginia Code of State Rules § 85-20-66.4 (2006) and West Virginia Code 23-4-9b, require the evaluating physician to determine if there are any nonoccupational contributing factors when assessing the amount of impairment resulting from a compensable injury. The Office of Judges therefore found that Dr. Bailey's report was reliable and credible. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on September 29, 2017.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The only evaluator of record to assess impairment was Dr. Bailey. Her report is reliable and credible and Mr. Smith was properly awarded 6% impairment based upon her report.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 23, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

2